UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)

DREAM CLUBS ENTERTAINMENT, INC.,
A Florida corporation doing business
as Ballz                                                                CASE NO.:
                    Plaintiff,

vs.

CITY OF WILTON MANORS, a Florida
Municipal Corporation,
                    Defendant
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

Plaintiff, DREAM CLUBS ENTERTAINMENT, INC., files this Complaint against the CITY OF WILTON MANORS, pursuant to 42 U.S.C. 1983, seeking judgment that the applicable Code of Ordinances of the City of Wilton Manors, and policy selectively have been unconstitutionally applied and enforced against it in violation of the First, Forth, Fourteenth Amendments of the United States Constitution, and further demands judgment for damages against the Defendant for violation of federal and state law for its losses arising from the unconstitutional application, actions and enforcement of the City's laws and policies, and tortious conduct against the Plaintiff.

## JURISDICTION

1. This suit is made pursuant to 42 U.S.C. §1983:

    "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction

    thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit I equity, or other proper proceeding for redress…"

2. This Court has "federal question" jurisdiction pursuant to 28 U.S.C. § 1331 to hear cases arising under the Constitution of the United States, under 28 U.S.C. §1343(3) to redress the deprivation under color of state law of any, right, privilege or immunity secured by the Constitution, and under 28 U.S.C. 1343(4) to secure equitable or other relief for the protection of civil rights.

3. This Court has authority to issue declaratory judgments pursuant to 28 U.S.C. §§2201, and Rule 65, Fed R. Civ. P.

4. This Court has supplemental jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. § 1367.

5. This Court may enter an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.

6. Plaintiff seeks declaratory relief and damages for injury by way of Defendant's violations, under color of state law, of the Plaintiff's civil rights, privileges and immunities secured by the First, Forth, and Fourteenth Amendments to the Constitution of the United States, and enforced under Title 42 U.S.C. §§ 1983, and 1988.

7. This action seeks a judicial determination of rights and liabilities between the Parties which require a resolution of *bona fide* disputes and questions arising from acts and omissions by the City of Wilton Manors against the Plaintiff, pursuant to local ordinances and/or statements of policy made under color and authority of state law.

## VENUE

8. Venue is proper in the Southern District of Florida, Fort Lauderdale Division as all acts omissions by the City of Wilton Manors arise under the ordinances and enforcement in the City within the geographical district designated under the Fort Lauderdale Division.

## PARTIES

9. DREAM CLUBS ENTERTAINMENT, INC., a Florida corporation doing business as Ballz, located at 2031 Wilton Drive, Wilton Manors, Florida  33305.

10. DEFENDAT, City of Wilton Manors is a Florida municipal corporation, organized and operating under the laws of the State of Florida.  Hereinafter referred to, together with all of its departments, agents, officials, and employees, including Code Compliance and, police, and fire departments, as ("Wilton Manors")

## COLOR OF STATE LAW

11. As a formed and organized political subdivision of the State of Florida, the Defendant WILTON MANORS acted under color of state law.

## FACTUAL BACKGROUND

12. Plaintiff owns and operates a Go-Go Bar in the neighboring town of Fort Lauderdale that caters primarily to adult gay men.  The successful business model includes live entertainment, music, dancing, and socializing, and in particular features attractive adult males dancing on stage in their underwear or bathing suits- occasionally performing choreographed numbers with a group of dancers.  There is never nudity displayed in any way or manor, and the entertainment is no more provocative than what one would typically expect to see at a public beach or viewed on modern underwear television

commercials.  Plaintiff has a wide and popular reputation among the Florida gay community, as well as the general community, as a business owner specializing in gay entertainment establishments featuring Go-Go dancers.

13. Wilton Manors was familiar with this popular good reputation maintained by the Plaintiff.

14. Plaintiff avers that the male body is a thing of beauty and imparts artistic form in dance and expression of physical talent and human eroticism while performing with music, theater lighting to entertain an audience.  This form of free human expression communicated to the public provides and important social benefit involving appreciation of healthy views of human sexuality, and society's concepts of aesthetic physical beauty.

15. The free expression offered by Plaintiff's businesses is not intended to be obscene, and is nowhere defined as such current under current laws, or perceived as such by contemporary community standard.  These performances are presumptively protected under the First Amendment of the Constitution of the United States.  The Plaintiff has a clear right to such expression of free speech described hereinabove.

16. The Defendant objected to this form of protected expression even before Plaintiff's doors were open.

17. On numerous occasions, Roberta Moore who is the Director of Community Development threatened and warned Plaintiff that Wilton Manors does not want a male go-go bar on Wilton Drive.  He was told do not try to put a male go-go bar on Wilton Drive.  It will get shut down.

18. It is not so much that Plaintiff's business was geared for the gay community on Wilton Drive since 90% of the businesses there are owned and operated by gay citizens catering

to gay customers, but presumably the opposition by Wilton Manors was that Plaintiff's business was *too* stereotypically gay.

19. The Defendant got it completely wrong in the first place. Plaintiff advised Wilton Manors that he had no intention of opening a gay oriented go-go bar on Wilton Drive because he operates a very successful go-go bar just a few miles (five minutes away) down the road in neighboring Fort Lauderdale - and it would adversely affect his core source of revenue.

20. Plaintiff's business plan for this location was in fact aimed at diversifying its holdings by providing a unique sports bar for the gay community to include televisions broadcasting various sports channels, and an atmosphere that encouraged the customers to participate in singing and dancing in a manner inspired by the movie Coyote Ugly.

21. By their actions, the Defendant's made it very difficult and otherwise delayed a straightforward permitting process for over four months.

22. Plaintiff, and Plaintiff's counsel, having done business in the area for decades and having never seen city officials dragging feet and creating pre-textual obstacles to approval of a simple business license, believe Wilton Manors was in fact out to harm Plaintiff by increasing his costs of opening the business by dragging out its approval process unreasonably long in bad faith.

23. After the long delay to garner the city's approval, Plaintiff opened his business with a great a response from the community. However, his success was soon met on the second day of business with the police arriving, with flashing lights in front of the club together with the fire department, Dave Cameron, from Code Enforcement Officer, and Roberta Moore, without warrant, or complaint to make a warrantless inspection of the premises

even though it had received approval from the city and fire department 15days earlier. The Plaintiff was once again threatened by those from the city that go-go boys were not permitted and will not be permitted in the future. Each department and official proceeded to re-inspect the premises looking for pretextual violations.

24. The harassment did not stop with that initial visit. Indeed, the police barged into the premises, with flashing lights out front, often times with fire department personnel, on nearly a nightly basis typically at the peak of Plaintiff's busiest hour of business.

25. This relentless nightly harassment continued for four months straight.  It would not take a marketing or reputation expert to conclude that such nightly appearances in front of a busy nightclub with all the appearances and trappings of a "police raid" would swiftly snuff out any alcohol beverage serving entertainment business no matter how popular the owner is. Nearly every customer expressed a belief that the business was being harassed.

26. The police interruption worsened during the first quarter of 2016, and culminated in April 2016 with the police and fire department entering the premises to inspect to merely advise the Plaintiff that plastic tinting was not permitted on the windows.

27. The Defendant never gave notice of code violations, or complaints, never fined Plaintiff, never obtained warrants to search Plaintiff's premises, but every intrusion had all the typical signs of a mere pretext and excuse to actually harass, intimidate, and drive away customers for the sole purpose of forcing the Plaintiff out of business.

## COUNT I
**(Violation of Substantive and Procedural Due Process as Applied)**

28. Plaintiff realleges the facts set forth in paragraphs 1 through 27 and incorporates them herein by reference.

29. This is an action for declaratory and supplemental relief pursuant to 28 U.S.C §2201.

30. Plaintiff has a clear legal right to provide the entertainment described above to consenting adults customers without fear of retaliatory conduct and selective enforcement by Wilton manors.  Such The Plaintiff's right of such communication is protected by the First Amendment to the United States Constitution.  Furthermore, government intrusion and actions to enforce local laws must afford due process to Plaintiff as with similarly situated businesses.

31. The Defendant's course of conduct amounted to an unjustified deprivation of property devoid of notice or opportunity to be heard.  To this degree Defendant failed to follow any reasonable structure or procedure to make the Plaintiff aware of the City's policy or procedure which would be required to remedy a violation prior to its actions.  In fact there was essentially no structure or procedure in the City's conduct attacking Plaintiff's business in such a manner other than aimed to kill business.

32. There were no exigent circumstances present giving rise to the City's conduct.

    a. The building had been recently inspected by City compliance officers, and fire safety officials with no violations noted.

    b. No City officer had probable cause to believe that Plaintiff's building was out of compliance to make daily inspections or intrusions.  There is no evidence that any Officer had a reasonable suspicion that Plaintiff's building possessed code violations or its business was operating illegally.

    c. Plaintiff's interior Plans were then recently approved by the City.

    d. No City official ever mentioned either orally or in writing that Plaintiff's Building or business fell outside of its rules and regulations, other than to remind Plaintiff repeatedly that they did not like the idea of a go-go dancer bar.

33. In this context, the Due Process Clause requires there be hearing and opportunity to be heard after a deprivation when exigent circumstances exist, as well as pre-deprivation notice to be made aware of and opportunity to cure violations.  The material fact is that no violations existed or were articulated to Plaintiff nor was a hearing and opportunity afforded to Plaintiff prior to the systematic nightly deprivation of it business revenue leaving Plaintiff's business to the mercy of free-for-all discretion of the City's ulterior will.

34. The actions of Wilton manors caused Plaintiff to suffer significant damages by way of loss of its investment, loss of profits and irreparable harm and erosion of its good will.

WHEREFORE, Plaintiff prays for the following relief:

  A. That this Court take jurisdiction over the Parties to this cause;

  B. That the Court declare that the defeat of the plaintiff's business and closure pursuant to Defendant's direct and indirect actions violated the Due Process Clause of Constitution;

  C. That the Court enter a judgment against Defendant for compensatory damages;

  D. That the Court award Plaintiff its recoverable costs, including reasonable attorney's fees pursuant to 42 U.S.C. §1988; and

E.  That the Court award Plaintiff all other relief in law or equity to which the Court finds just and fit.

## COUNT II
### (Violation of First Amendment)

35. Plaintiff realleges the facts set forth in paragraphs 1 through 27 and incorporates them herein by reference.

36. This is an action for declaratory and supplemental relief pursuant to 28 U.S.C §2201.

37. While the Defendant may claim to operate under its laws and ordinances, which tend to be on their face laws of general application, Defendant systematically enforced such laws, in an intentionally discriminatory fashion to retaliate against and punish the Plaintiff based on the content of its free speech and expression in a clear attempt to render the feasibility of his business impossible.  In other words, Wilton Manors intended to and did extinguish the Plaintiff's business carrying out its distain of a go-go bar on Wilton Drive.

38. Even if the City's Ordinances and laws used to close down Plaintiff's business are constitutional on its face, Defendant applied such laws in such a manner to deprive Plaintiff of its First Amendment rights clearly abusing its discretion.

39. These alleged facts were a mere pretext to the City's bent on ousting Plaintiff based upon the content of his free speech.

40. The course of conduct by the City amounts to prior restraint on Plaintiff's free speech.

41. There was no mechanism for Plaintiff to seek redress for this style of City action to deprive Plaintiff of its rights.

42. There was no prior notice of the enforcement actions taken by the City, no administrative determinations afforded, nor judicial review during the entire course of the Plaintiff's deprivation.

WHEREFORE, Plaintiff prays for the following relief:

    A. That this Court take jurisdiction over the Parties to this cause;

    B. That the Court declare that the defeat of the plaintiff's business and closure pursuant to Defendant's direct and indirect actions violated the First Amendment of Constitution as applied to the Plaintiff;

    C. That the Court enter a judgment against Defendant for compensatory damages;

    D. That the Court award Plaintiff its recoverable costs, including reasonable attorney's fees pursuant to 42 U.S.C. §1988; and

    E. That the Court award Plaintiff all other relief in law or equity to which the Court finds just and fit.

### COUNT III
**(Violation of Equal Protection)**

43. Plaintiff realleges the facts set forth in paragraphs 1 through 27 and incorporates them herein by reference.

44. This is an action for declaratory and supplemental relief pursuant to 28 U.S.C §2201.

45. The Plaintiff has a clear right to operate its business whether it intended it to be a go-go bar or an otherwise conventional establishment without fear of selective enforcement of laws by the Defendant.

46. There are no specific laws prohibiting the Plaintiff's actual or perceived business of models of either male go-go bar style of entertainment or other common style.

47. The Defendant has intentionally enforced ordinances and policy against Plaintiff in an intentional and discriminatory fashion because Defendant objected to the content of Plaintiff's speech.

48. The efforts by the City were intended to stifle the content of Plaintiff's speech veiled by the legitimacy of the City Code.

49. Other commercial establishments similarly situated offered live entertainment, singing dancing, live music, live stage performances, and such and cannot be distinguished between Plaintiff's by their business purpose, size, location, composition of the community's demographics, or other social factors.

50. The only exception which differentiates the Plaintiff from all these businesses is that of its reputation for providing a male go-go dancer theme for the enjoyment of their customers and gues

51. Simply put, the City's code compliance personnel, fire safety, and police do not make intense and selective intrusions into any other similarly situated business establishment on Wilton Drive.

52. Operating under otherwise valid and proper laws to achieve an unlawful purpose is merely pretextual in nature and served to single out Plaintiff, to deny its rights to free speech, and ultimately deprive it of its property to permanently close the business down.

53. This selective enforcement of the City Code and laws violated the Plaintiff's right of Equal Protection.

WHEREFORE, Plaintiff prays for the following relief:

A. That this Court take jurisdiction over the Parties to this cause;

B. That the Court declare that selective enforcement of City laws against the Plaintiff and its eventual closure pursuant to Defendant's direct and indirect actions violated was pretextual and violated the Equal Protection Clause of Fourteenth Amendment of Constitution as applied to the Plaintiff;

C. That the Court enter a judgment against Defendant for compensatory damages;

D. That the Court award Plaintiff its recoverable costs, including reasonable attorney's fees pursuant to 42 U.S.C. §1988; and

E. That the Court award Plaintiff all other relief in law or equity to which the Court finds just and fit.

Respectfully submitted on this 31st day of October, 2018.

/s/ George Castrataro
George Castrataro, MPH, JD
FL Bar# 0027575
The Law Offices of George Castrataro, PA
707 NE 3rd Ave
Suite 300
Fort Lauderdale, FL 33304
954-573-1444 Office
954-573-6451 Fax